E. C. MARKHAM, Respondent, v. E. H. EMERSON, Appellant.

St. Louis Court of Appeals, February 23, 1897.

Sale: FRAUDULENT REPRESENTATION: WARRANTY: PLEADING: EVIDENCE: INSTRUCTION. In a suit for damages for the sale by defendant to plaintiff of a mare with weak eyes, alleged to have been represented by defendant to be sound, where there was no claim of an express warranty, and no averment in the petition of a concealment of latent defects in the animal, making her unfit for the purpose for which she was purchased, and the petition was not broad enough to embrace such separate and distinct cause of action, and there was no evidence that defendant, at the time of the sale, or at any time previously, made any representation to plaintiff as to the condition of the mare's eyes, with a view to making the sale, an instruction to the jury upon the theory of fraudulent concealment was error.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED (*with directions*).

*Orchard & Hines* for appellant.

It is not sufficient to allege that defendant represented and warranted the mare to be sound, but the pleading must set out what the warranty was, and allege that the representations made were untrue, etc. *Smith v. Sims,* 77 Mo. 269, 274, 275; *Reed v. Bott,* 100 *Id.* 62, 66; *Ridpath Bros. v. Lawrence,* 42 Mo. App. 101, 109; *Jarret v. Morton,* 44 Mo. 275; *Erles v. Reynolds,* 75 *Id.* 563.

*Olden & Orr* for respondent.

The petition is broad enough to let in testimony of an express warranty, or of the fraudulent concealment,

on the part of the seller, of a latent defect. The evidence tends to support both of these theories, but the court, by its instructions, confined the recovery to the truth of the latter theory. *Grisby v. Stapleton*, 94 Mo. 427; *Cardwell v. McClelland*, 3 Sneed, 150; *Jeffrey v. Bigelow*, 13 Wend. 518; *McAdams v. Cates*, 24 Mo. 223; *Barron v. Alexander*, 27 *Id.* 530; 2 Kent, Com. 482; *Stewart v. Ranch Co.*, 128 U. S. 383; *Gottschalk v. Kircher*, 109 Mo. 170; *Joplin Water Co. v. Bothe*, 41 Mo. App. 290; *Cottrill v. Krum*, 100 Mo. 397; Big. on Fraud, p. 532.

BLAND, P. J.—Plaintiff's petition is as follows: "Plaintiff states that in June, 1892, he purchased of defendant a certain bay mare seven years old and paid defendant therefor $250; that defendant represented and warranted that said mare was sound and suited for the purposes for which plaintiff purchased the same; that plaintiff purchased said mare for driving purposes, relying upon the representations of the defendant that she was sound and of high bred trotting stock; that said mare was not sound, as defendant represented, but had weak eyes, which finally resulted in partial blindness, and at times was and is totally blind, all of which was at the time of said sale well known to the defendant and unknown to this plaintiff; that plaintiff, as soon as he discovered that the mare was unsound in the particulars aforesaid, offered to return the same to the said defendant, which he then and there refused; that said mare, by reason of said unsoundness, was not and is not worth more than $60. Wherefore, plaintiff says that he has sustained damages in the sum of $190, for which he asks judgment, to which the defendant filed a general denial."

The evidence was, that a short time after Markham got the mare, she went blind, or nearly so, and it

tended to show that she had weak and defective eyes for some time before she was sold by defendant to plaintiff, and that defendant had knowledge of this fact. He admitted that he had doctored one of her eyes before

*FRAUDULENT representation: warranty: pleading: evidence: instruction.*

he sold her. Whether the defect of the mare's eyes was perceptible to an ordinary, prudent observer at the time plaintiff purchased her, does not appear from the testimony. Plaintiff had driven the mare himself and had ridden behind her, when driven by the defendant, several times shortly before the sale, and seems to have taken a fancy to her. Plaintiff testified that the only conversation he had with defendant, that he could recall, was before he bought her, or had any idea of buying her. He says, I asked him one day, casually, what was the matter with her eyes, they were running. He said she had a little cold, her eyes were all right. There is not a syllable of testimony that at the time of sale, or at any time previous to the sale, with a view of making the sale, the defendant made any representation whatever to plaintiff about the condition of the mare's eyes. There is no pretense that any express warranty was made. There is no averment in the petition of a concealment of latent defects in the animal, making her unfit for the purpose for which she was purchased, known to the seller, but unknown to the purchaser, which defects the seller would be bound to make known to the purchaser. Nor is the petition broad enough to embrace this separate and distinct cause of action, as contended by counsel for the respondent. The pleader evidently did not rely upon such a cause of action, when he prepared the petition. It was an afterthought, raised by a failure to prove his case as pleaded. The jury were instructed upon the theory of fraudulent concealment. This, as we have seen, is not the case, made by the pleadings, and is pal-

pable error, as has been repeatedly held by the supreme court, and by this court. There was a failure of proof to make out, *prima facie,* the case as stated in the petition, and defendant's demurrer to the evidence should have been sustained. But as the record tends to show that plaintiff may have a good cause of action, arising out of his purchase, if properly pleaded, we reverse the judgment and remand the cause, with directions that leave be given plaintiff to amend his petition, if so advised. All concur.